974 So.2d 146 (2008)
STATE of Louisiana, Appellee,
v.
Keith McDANIEL, Appellant.
Nos. 42,926-KA, 42,927-KA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
*147 Paula C. Marx, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, *148 III, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and MOORE, JJ.
GASKINS, J.
In these consolidated appeals, the defendant, Keith McDaniel, pled guilty to aggravated battery and distribution of a Schedule II controlled dangerous substance, cocaine. He was sentenced to serve seven years at hard labor for aggravated battery and 15 years at hard labor for distribution of cocaine, with the first two years to be served without benefit of parole, probation, or suspension of sentence. The sentences were ordered to be served concurrently. The defendant appealed his sentences as excessive. For the following reasons, we affirm the defendant's convictions and sentences.

FACTS
The defendant was charged with aggravated battery and armed robbery of a female victim committed on October 1, 2006. He was also charged in a separate proceeding with distribution of a Schedule II controlled dangerous substance, cocaine, committed on July 5, 2006. On December 18, 2006, pursuant to a plea agreement, the defendant entered a plea of guilty to aggravated battery and the armed robbery charge was dismissed. He also pled guilty to the charge of distribution of cocaine. As part of the plea agreement, the state dismissed a charge of possession of drug paraphernalia. The state further agreed that the sentences would run concurrently and that the defendant would not be charged as a habitual offender.
The defendant then filed a motion to set aside his guilty plea on the aggravated battery charge. The motion was denied in April 2007. The trial court sentenced the defendant to serve seven years at hard labor for the aggravated battery conviction and 15 years at hard labor for the distribution of cocaine conviction, with the first two years to be served without benefit of parole, probation, or suspension of sentence. The sentences were ordered to be served concurrently. The trial court advised the defendant of his right to post-conviction relief and the time limitations for applying for post-conviction relief. The defendant filed a motion to reconsider his sentences; the trial court denied the motions. The defendant appealed his sentences as excessive.

LEGAL PRINCIPLES
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (Laapp.2d3 Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of *149 proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State V. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1165.

DISCUSSION
The defendant contends that the sentences imposed are excessive under the circumstances of these cases. Regarding the aggravated battery, the defendant claims that the victim sustained only a small cut on her neck which did not require medical attention. He further argues that regarding the distribution of cocaine conviction, he only sold one rock of cocaine for $20.00. These arguments are without merit.
The trial court set forth extensive reasons for the sentences imposed. In the aggravated battery offense, the defendant knocked down a female victim and cut her neck with a razor blade while demanding money. The trial court considered the victim's statement that she lives in fear that the defendant will "get out" and kill her. Regarding the offense of distribution of cocaine, the trial court noted that the prosecution possessed a videotape showing the defendant making the sale of cocaine to a confidential informant.
The trial court recounted the facts in the presentence investigation report which showed that the defendant had an extensive criminal record including a lengthy history of aggressive and potentially dangerous behavior. According to the trial court, the defendant was a third felony offender and not eligible for a probated sentence. The court observed that the defendant had three prior convictions for simple battery, as well as convictions for criminal damage to property, simple robbery, and a robbery conviction in Texas. The record shows that the trial court considered the guidelines enumerated in La. C.Cr.P. art. 894.1. According to the trial court, any lesser sentences than those imposed would deprecate the seriousness of the offenses.
The maximum term of incarceration that may be imposed for aggravated battery is 10 years at hard labor. La. R.S. 14:34. The maximum sentence of incarceration for distribution of cocaine is 30 years at hard "labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence. La. R.S. 40:967(B)(4)(b). The sentences imposed in this case were in the middle range. Further, the trial court ordered that the sentences be served concurrently. In light of the defendant's significant criminal history and the substantial reduction in potential exposure to confinement gained through the plea agreement in this case, the sentences imposed were not excessive. The *150 sentences were tailored to the offender and the offenses. The trial court did not abuse its discretion in this case.

ERROR PATENT
The district court minutes for the sentencing proceedings in both convictions are incorrect. The minute entries contained in the record switched the sentences on the two charges. The minutes for aggravated battery incorrectly reflect a 15-year sentence, and the minutes for distribution of cocaine reflect a 7-year sentence. The trial court is instructed to correct this error in the minutes, as the transcript controls over the minutes where there is a conflict. State v. Lynch, 441 So.2d 732 (1983).

CONCLUSION
For the reasons stated above, we affirm the convictions and sentences of the defendant, Keith McDaniel.
AFFIRMED.