GASKINS, J.
[ ¶ The defendant, Darren Dewayne Nickles, was convicted of one count of distribution of cocaine. He was adjudicated a fourth felony offender and was sentenced to serve 40 years at hard labor “without benefit.” The defendant appealed. We affirm the defendant’s conviction and, as amended, affirm his sentence.
FACTS
On the evening of January 23, 2009, members of the Shreveport Police Department conducted a citywide buy-bust operation to apprehend drug dealers. Agent Steve McKenna was driving an unmarked vehicle equipped with video surveillance equipment to record criminal activity. He was accompanied by Officer Ann Ferguson and another officer from the Shreveport Police Department. Agent McKenna went to a house on West 77th Street known for narcotics sales. As the officers drove up to the house, they were approached by the defendant, who told them they could not block the driveway and asked what they were looking for. According to Agent McKenna, this question meant that the defendant wanted to know what kind of drugs the officers wanted to buy.
Agent McKenna stated that he wanted to buy some “hard” — a street term for crack cocaine. Agent McKenna was carrying “buy funds,” money retrieved from forfeitures and used in buy-bust operations. The bills, with their serial numbers, were photocopied before the operation. In exchange for a $20 bill in buy funds, Agent McKenna received a rock of crack cocaine from the defendant.
IgAfter he received the crack cocaine, Agent McKenna gave a verbal signal to other police officers on the arrest team who moved in and took the defendant into custody. The $20 in buy funds was recovered from the defendant.
Officer Terry Sanders of the Shreveport Police Department was the case agent in this matter. Officer Sanders claimed that the defendant made threatening statements to him after the arrest. According to Officer Sanders, the defendant told him, “I got something for you the next time that you jump out on me.” When asked what he meant, the defendant stated, “Oh, you’ll see.”
The defendant was charged by bill of information with one count of distribution of cocaine and one count of public intimidation. The defendant was tried by jury. On October 1, 2009, he was convicted of distribution of cocaine, but was found not guilty of public intimidation.
The state filed a habitual offender bill of information asserting that the defendant was a fourth felony offender. The state alleged that the defendant had previous convictions for simple burglary in October 1991, false representation of controlled dangerous substances in August 1994, and unauthorized entry of an inhabited dwelling in March 2008. A hearing was held on February 18, 2010; the defendant was adjudicated a fourth felony offender.
After ordering a presentence investigation (PSI) report, the trial court held a sentencing hearing in March 2010. The defendant’s motions for new trial and for post verdict judgment of acquittal were denied by the trial | .¡court. The trial court *731 referred to the PSI report and outlined the extensive list of the defendant’s prior criminal offenses. He was then ordered to serve 40 years at hard labor “without benefit.”
The defendant appealed his conviction and sentence. The defendant alleged that the trial court erred in denying defense counsel’s objection to allegedly improper prejudicial comments made by the prosecution during closing arguments. He also asserted that the sentence of 40 years at hard labor was excessive. The defendant filed a pro se brief on appeal in which he alleged that the trial court erred in denying his right to counsel of his choice as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section IB of the Louisiana Constitution.
CLOSING ARGUMENT BY PROSECUTION
The defendant argues that the trial court erred in denying his objection to allegedly improper comments made by the prosecution during closing arguments. This argument is without merit.
La. C. Cr. P. art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.
While the trial judge has broad discretion in controlling the scope of closing arguments, Louisiana jurisprudence on prosecutorial misconduct has allowed prosecutors wide latitude in choosing closing argument tactics. | ¿Nonetheless, the prosecutor should refrain from making personal attacks on defense strategy and counsel. State v. Brumfield, 96-2667 (La.10/20/98), 737 So.2d 660, cert. denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999).
A prosecutor retains considerable latitude in making closing arguments. Even when the Louisiana Supreme Court has found that the prosecutor has exceeded that latitude, it has often criticized the improper arguments without finding that they constitute reversible error. The supreme court will not overturn a guilty verdict on the basis of improper arguments unless firmly convinced that the jury was influenced by the remarks and that they contributed to the verdict. See State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364, cert. denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996); State v. Smith, 31,955 (La.App.2d Cir.5/5/99), 740 So.2d 675, unit denied, 2000-1404 (La.2/16/01), 785 So.2d 840.
Much credit should be accorded to the good sense and fair-mindedness of jurors who have seen the evidence and heard the arguments, and have been instructed repeatedly by the trial judge that arguments of counsel are not evidence. See State v. Mitchell, 94-2078 (La.5/21/96), 674 So.2d 250, cert. denied, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 538 (1996); State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832; State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
| ¡(During the state’s rebuttal argument to the defendant’s closing argument, the following exchange took place between the prosecutor and the attorney for the defendant:
[PROSECUTOR]: Let me try to remember where I was.
In my opinion, which is my opinion, this is a simple case. It behooves the defendant to try to argue that it is not a *732 simple case. That’s his job, is to try to confuse you all. You all saw the evidence here.
[DEFENSE COUNSEL]: Your Honor, I have to object to that. That’s highly inappropriate for him to say what my job is to confuse the jury.
THE COURT: It is his closing argument, so it’s overruled.
The defense’s objection was preserved for appeal after the jury was excused from the courtroom to deliberate. Defense counsel argued that the prosecution had waged a personal attack on defense counsel by stating that he was trying to confuse the jury. The trial court noted the objection and stated, “I don’t think [it’s] going to make any difference one way or the other. I certainly don’t think it’s reversible error.” Counsel for the state contended that the statement was meant to define the roles of the parties and was not a personal attack.
On appeal, the defendant argues that the comments by the prosecution were a personal attack on defense strategy and counsel, injected issues broader than the defendant’s guilt or innocence under the law, and diverted the jury from its duty of deciding the case on the evidence. He argues that the prosecution’s comment that the statement was “aimed at defining roles” was intended to convince the jury that defense counsel wanted to prevent them from “getting at the truth.”
| Ample evidence was presented upon which to base the defendant’s conviction for distribution of cocaine. The prosecution’s statement, alleging that defense counsel was attempting to confuse the jury, even if improper, does not appear to have influenced the jury or to have contributed to its verdict. There is no showing in this record that the comment amounted to reversible error. The trial court did not err in overruling the defendant’s objection to the prosecution’s statement on rebuttal.
EXCESSIVE SENTENCE
The defendant argues that his sentence of 40 years at hard labor as a habitual offender was excessive in light of the facts and circumstances of this case and the defendant’s past history. This argument is without merit.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. McDaniel, 42,926 (La.App.2d Cir.1/9/08), 974 So.2d 146. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters 17be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. McDaniel, supra.
Second, a sentence violates La. Const, art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. McDan *733 iel, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. McDaniel, supra.
La. R.S. 40:967 provides in pertinent part:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II;
[[Image here]]
B. Penalties for violation of Subsection A. Except as provided in Subsection F, any person who violates Subsection A with respect to:
[[Image here]]
(4)(b) Distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 or oxycodone as provided in Schedule II(A)(l)(o) of R.S. 40:964 |Ror methadone as provided in Schedule II(B)(11) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
La. R.S. 15:529.1 provides in pertinent part:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
[[Image here]]
(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;
[[Image here]]
G. Any sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence.
[[Image here]]
The defendant argues that the sentence of 40 years is excessive because the defendant is not a drug dealer, but has a drug abuse problem and is in need of treatment rather than incarceration. He contends that none of his prior offenses demonstrate that he is a drug dealer.
The defendant was adjudicated a fourth felony offender after the prosecution proved that he had prior convictions for simple burglary, false representation of controlled dangerous substances, and unauthorized entry 19of an inhabited dwelling. In sentencing the defendant, the trial *734 court referred to the PSI report which showed that the defendant had prior convictions for several counts of criminal mischief and simple battery, in addition to convictions for misdemeanor theft, simple burglary, simple assault, criminal trespass, false representation of controlled dangerous substances, entering and remaining after being forbidden, possession of drug paraphernalia, simple criminal damage to property, unauthorized entry of an inhabited dwelling, public drunkenness, and resisting an officer, as well as the present offense of distribution of cocaine. Based upon these factors, the trial court sentenced the defendant to serve 40 years at hard labor “without benefit” under the multiple offender statute.
Given the defendant’s extensive criminal record and prior opportunities for rehabilitation, the trial court’s sentence that the defendant serve 40 years at hard labor is not excessive and is not an abuse of the trial court’s discretion in imposing sentence.
PAROLE ELIGIBILITY
We note that the trial court ordered that the sentence of 40 years at hard labor, with credit for time served, be served “without benefit.” The minutes in this matter state that “[t]he court ordered said sentence served without benefit of probation, parole, or suspension of sentence and the defendant be given credit for time served.” We amend the sentence to provide that it is to be served without benefit of probation or suspension of sentence and that the first two years of the sentence are to be served without benefit of parole.
| inLa. R.S. 15:529.1(G) provides that any sentence imposed under the provisions of this section shall be at hard labor without benefit of probation or suspension of sentence. Regarding the imposition of a sentence without benefit of parole, the conditions imposed on the sentence are those called for in the sentencing provisions for the underlying felony offense. See State v. Bruins, 407 So.2d 685 (La.1981); State v. Richard, 550 So.2d 300 (La.App. 2d Cir.1989). The sentence conditions required by La. R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provisions for the underlying offense. State v. Robinson, 46,330 (La.App.2d Cir.2/18/11), 54 So.3d 1292. See also State v. Thomas, 42,322 (La.App.2d Cir.8/15/07), 962 So.2d 1119, writ denied, 2008-0316 (La.10/24/08), 992 So.2d 1031; State v. Hollingsworth, 42,317 (La.App.2d Cir.8/15/07), 962 So.2d 1183; State v. Brown, 37,736 (La.App.2d Cir.3/12/04), 868 So.2d 289, writ denied, 2004-2216 (La.6/3/05), 903 So.2d 445; State v. Holloway, 37,021 (La.App.2d Cir.5/16/03), 847 So.2d 200, writs denied, 2003-1720 (La.12/19/03), 861 So.2d 558, 2003-1929 (La.12/19/03), 861 So.2d 560; State v. Shields, 614 So.2d 1279 (La.App. 2d Cir.1993), writ denied, 620 So.2d 874 (La.1993).
La. R.S. 40:967 provides that only the first two years of a sentence for distribution of cocaine are to be served without benefit of parole, probation, or suspension of sentence. Accordingly, we amend the defendant’s sentence to provide that only the first two years of the sentence are to be served without benefit of parole.
J^RIGHT TO COUNSEL OF CHOICE
The defendant alleges in his pro se brief that he was denied the right to retained counsel of his choice in violation of the Sixth Amendment of the United States Constitution and Article I, Section *735 13 of the Louisiana Constitution.[1] This argument is without merit.
A similar argument was made in State v. Leggett, 363 So.2d 434 (La.1978). In that case, the Louisiana Supreme Court stated:
Both the federal and state constitutions provide that the accused has the right to counsel of his own choosing to defend him on a criminal charge. However, this right does not permit arbitrary action which obstructs orderly procedures in the courts. State v. Dickerson, 353 So.2d 262 (La.1977); State v. Mackie, 352 So.2d 1297 (La.1977). Rather the right to choose one’s attorney is a right to be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage within the procedural framework of the criminal justice system. There is |12no constitutional right to make a new choice of counsel on the very date the trial is to begin, with the attendant necessity of a continuance and its disrupting implications to the orderly trial of cases. Once the trial day has arrived, the question of withdrawal of counsel rests largely within the discretion of the trial judge. State v. Cousin, 307 So.2d 326 (La.1975); State v. St. Amand, 274 So.2d 179 (La.1973). This court has frequently upheld the trial court’s denial of motions for continuances or withdrawal of counsel made on the day of trial when defendant is dissatisfied with his present attorney but had ample opportunity to retain private counsel. State v. Anthony, 347 So.2d 483 (La.1977); State v. Hegwood, 345 So.2d 1179 (La.1977); State v. Wiggins, 337 So.2d 1172 (La.1976); State v. Alexander, 334 So.2d 388 (La.1976); State v. Austin, 258 La. 273, 246 So.2d 12 (1971).
See also State v. Seiss, 428 So.2d 444 (La.1983); State v. Shumaker, 40,275 (La.App.2d Cir.10/28/05), 914 So.2d 1156; State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747; State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
In this case, counsel was appointed to represent the defendant on January 26, 2009. Numerous pretrial motions were filed on his behalf and the defendant was represented by appointed counsel at pretrial hearings. Trial on this matter began on September 30, 2009. On that date, the defendant was present in court with his court-appointed attorney. Defense counsel informed the trial court that the defendant’s family had hired private counsel to represent him. On that basis, the court-appointed counsel announced that the defense was not ready for trial.
Retained counsel was not present in the courtroom and did not file a motion to *736 enroll as counsel. Neither the defendant nor his family informed the court of the name of the retained counsel. The trial court determined that court-appointed counsel had an opportunity to meet with the defendant and |i3discuss the facts and defenses in the case. Defense counsel also had ample time to subpoena any witnesses. The trial court continued with the trial with the defendant represented by court-appointed counsel.
The defendant did not make a contemporaneous objection to the trial court’s action in commencing the trial. However, even if he had, under these circumstances, the trial court did not err in going forward with the trial instead of granting a continuance to allow the defendant to have retaining counsel appear in court. The defendant raised the issue of retained counsel on the day of trial and made no showing that counsel had in fact been retained. The defendant had ample opportunity to retain counsel prior to commencement of the trial. Court-appointed counsel had prepared a defense for the defendant. The trial court acted within its discretion in denying the request to continue the matter in order for the allegedly retained counsel to appear.
CONCLUSION
For the reasons set forth above, the defendant’s conviction for distribution of cocaine and his adjudication as a fourth felony offender are affirmed. We affirm the defendant’s sentence to serve 40 years at hard labor, without benefit of probation or suspension of sentence, with credit for time served, but amend his sentence to provide that only the first two years of the sentence are to be served without benefit of parole.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.

. U.S. Const, amend. VI, provides:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.
La. Const, art. I, § 13 states:
When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents.