DREW, J.
 

 | t Defendant, James Everett Watson, pled guilty to distribution of methamphetamine, a Schedule II controlled dangerous substance, in violation of La. R.S. 40:967(A)(1). He now appeals his 20-year hard labor sentence. We affirm in all respects.
 

 FACTS
 

 On March 6, 2010, an undercover officer of the Bossier Parish Sheriffs Office asked Watson to sell him some methamphetamine. Watson referred the officer to his accomplice, who was waiting in a nearby motel. The officer handed $50 to the defendant for the drugs.
 
 [1]
 

 Watson pled guilty pursuant to
 
 Boykin.
 

 [2]
 

 The trial court clearly retained discretion to sentence him within the parameters of the charged offense.
 

 At sentencing, the trial court noted its review of a presentenee investigation report (PSI) and a letter submitted by Watson and signed by other individuals attesting to the fact that he recently attended some substance abuse courses.
 

 The trial court explained that:
 

 • it had reviewed the PSI in conjunction with the 'sentencing guidelines set forth in La. C. Cr. P. art. 894.1;
 

 • the PSI revealed that Watson had a criminal history dating back to 1969, and he had been convicted of eight felonies;
 

 • whenever Watson was not serving time in prison, he was committing crimes;
 

 12* the court had an obligation to protect the public from him; and
 

 • any lesser sentence would deprecate the seriousness of the offense.
 

 Watson’s timely motion to reconsider sentence was denied.
 

 Watson alleges that:
 

 • Twenty years was excessive;
 

 
 *473
 
 • his accomplice received a lesser sentence, though she was more culpable;
 

 • his age (60 years) and medical condition weighed in favor of a lesser sentence;
 

 • though he has a serious record,
 
 [3]
 
 Watson’s last felony was almost 10 years ago; and
 

 • his role in the drug sale was that of a middleman.
 

 The record indicates that the trial court took cognizance of the factors listed in La. C. Cr. P. art. 894.1 and articulated a factual basis for the sentence imposed. This sentence was justified given the circumstances of the case and Watson’s criminal history. The 20-year sentence imposed is ten years less than the maximum allowable.
 

 Our law on reviewing sentences for excessiveness is well settled.
 
 [4]
 

 |aLa. R.S. 40:967(B)(1) provides that a person convicted of distribution of methamphetamine shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than 30 years.
 

 This midrange 20-year sentence does not shock the sense of justice. It is clearly not excessive for a defendant with his horrendous track record. This sentence is certainly not disproportionate to the crime of conviction.
 

 DECREE
 

 The defendant’s conviction and sentence are AFFIRMED.
 

 [1]
 

 . It was later confirmed at the North Louisiana Crime Laboratory that the substance was in fact methamphetamine.
 

 [2]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [3]
 

 . Prior to 2002, he had not committed a serious offense for more than 20 years.
 

 [4]
 

 . The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating factor so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Nickles,
 
 46,189 (La.App.2d Cir.4/13/11), 60 So.3d 728. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728.
 

 Second, a sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Nickles, supra.
 
 A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Nickles, supra.