# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-460

**STATE OF LOUISIANA**

**VERSUS**

**KEVIN JOSEPH AUGUILLARD, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 178112
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## CANDYCE G. PERRET
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.

**SENTENCES VACATED; SENTENCES IMPOSED; REMANDED.**

**Donald Dale Landry**
**District Attorney, Fifteenth Judicial District**
**Frederick L. Welter**
**Assistant District Attorney, Fifteenth Judicial District**
**Post Office Box 3306**
**Lafayette, LA   70502**
**(337) 232-5170**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**Post Office Box 52988**
**Shreveport, LA   71135-2988**
**(318) 222-1700**
**COUNSEL FOR APPELLEE/DEFENDANT:**
     **Kevin Joseph Auguillard, Jr.**

**PERRET, Judge.**

On appeal, the State argues the district court erred in sentencing the defendant, Kevin Joseph Auguillard, Jr. ("Defendant"), by departing downward from the minimum mandated sentences under La.R.S. 15:529.1(A)(4)(a) without sufficient evidence.[1] Because we find the record devoid of any evidence to support a finding that the Defendant is so exceptional as to justify a departure from the minimum mandated sentences for armed robbery and attempted first degree murder, we vacate that part of the habitual offender sentences and hereby impose the mandatory minimum sentences of ninety-nine years for armed robbery and fifty years for attempted first degree murder. In all other respects, Defendant's sentences are affirmed.

Additionally, we remand this matter to the district court to: (1) amend the May 13, 2022 sentencing minutes to correctly reflect that the $1,000.00 fine was imposed as part of the sentence for possession of a firearm by a convicted felon; and (2) amend the minutes of the January 25, 2023 resentencing to reflect the district court's adjudication of Defendant as a fourth habitual offender for attempted first degree murder and armed robbery.

## FACTS AND PROCEDURAL HISTORY

On July 10, 2020, Defendant attempted to engage in a drug transaction with Ryan James Living, the victim, while at Big Boy's Convenience Store in Lafayette, Louisiana. After a physical altercation arose, Defendant produced a firearm from his waistband and shot Mr. Living.

---

[1] Louisiana Revised Statutes 15:529.1(A)(4)(a) provides, "The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life."

On January 20, 2022, a unanimous jury convicted Defendant of: (1) attempted first degree murder, in violation of La.R.S. 14:27 and 14:30; (2) possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1; and (3) armed robbery, in violation of La.R.S. 14:64.

On May 3, 2022, the State filed a habitual offender bill of information, seeking to enhance the sentences for attempted first degree murder and armed robbery. Thereafter, on May 13, 2022, the district court sentenced Defendant to thirty years for attempted first degree murder, twenty-five years for armed robbery, and twenty years for possession of a firearm by a convicted felon, in addition to a $1,000.00 fine. Said sentences were to run concurrently and to be served at hard labor without benefit of probation, parole, or suspension of sentence.

On January 25, 2023, the district court held an evidentiary hearing wherein the State proved Defendant was a fourth felony offender.[2] At the same proceeding, the district court vacated the sentences previously imposed for attempted first degree murder and armed robbery and sentenced Defendant to thirty-five years on both counts. Said sentences were to be served at hard labor without the benefit of parole, probation, or suspension of sentence and were to run concurrently to each other and with a sentence previously imposed for possession of a firearm by a convicted felon. After the announcement of the sentences, the State objected.

On February 22, 2023, the State filed a motion to reconsider sentence, which the district court denied on February 28, 2023. The State now appeals, arguing the district court erred in imposing illegally lenient sentences for attempted first degree

---

[2] Defendant had three prior felony convictions, which included theft, theft of a motor vehicle, and assault by drive-by shooting.

murder and armed robbery and granting a downward departure from the statutory minimum without sufficient evidence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one potential error patent regarding the habitual offender sentences imposed for armed robbery and attempted first degree murder. However, because the State challenges the legality of the sentences imposed on those counts in its appeal, we will address the legality of those sentences as an assigned error.

The minutes of sentencing are also in need of correction. First, the May 13, 2022 minutes of the original sentencing indicate the district court imposed a $1,000.00 fine but do not indicate on which count the fine was imposed. The transcript of the original sentencing hearing indicates the $1,000.00 fine was imposed as part of the sentence for possession of a firearm by a convicted felon.[3] Thus, we order the district court to amend the original sentencing minutes to correctly reflect that the $1,000.00 fine was imposed as part of the sentence for possession of a firearm by a convicted felon. Second, the January 25, 2023 minutes of the habitual offender sentencing do not reflect the district court's finding as to Defendant's adjudication as a habitual offender. The minutes set forth the evidence presented, and the new sentences imposed, but do not state that the district court adjudicated Defendant as a fourth habitual offender. The transcript, however, indicates the district court found Defendant to be a fourth felony offender as to armed robbery and attempted first degree murder. Accordingly, we order the district court

---

[3]At the January 25, 2023 habitual offender sentencing, the district court stated that the sentence imposed for possession of a firearm by a convicted felon remained the same.

to amend the minutes of the January 25, 2023 resentencing to reflect the adjudication of Defendant as a fourth habitual offender on armed robbery and attempted first degree murder.

**DISCUSSION**

In its assignments of error, the State argues that the district court erred in imposing illegally lenient sentences for armed robbery and attempted first degree murder and granting a downward departure from the statutory minimum without sufficient evidence. Specifically, the State argues that because Defendant had three prior felony convictions, including a crime of violence, the district court ordered illegally lenient sentences by not following the sentencing requirements under the habitual offender statute. The State contends Defendant was out on parole for his conviction of assault by a drive-by shooting when he committed the offenses, and as such, Defendant should have been sentenced according to the habitual offender statute. Moreover, the State argues the Defendant failed to show by clear and convincing evidence that he was exceptional as to warrant a downward departure from the statutory minimum sentences; therefore, the district court abused its discretion. Thus, the State requests for this court to amend Defendant's sentences to reflect the mandatory minimum sentences required by the habitual offender statute.

In opposition, Defendant argues that the district court did not order illegally lenient sentences. According to Defendant, the district court gave a reasoned explanation for the downward departure from the statutory minimum sentences and argued that the imposition of the statutory minimum sentences was unconstitutional. Defendant argues that although the district court noted the escalation of his crimes, the district court also considered mitigating factors, such as his age, drug use, and

4

supportive family, before imposing the sentences. As such, Defendant contends the district court did not abuse its sentencing discretion.

Louisiana's habitual offender statute, La.R.S. 15:529.1, states, in pertinent part:

> A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
>
> . . . .
>
> (4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:
>
> (a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.

Defendant was convicted of armed robbery, in violation of La.R.S. 14:64, and attempted first degree murder, in violation of La.R.S. 14:27 and 14:30. Armed robbery carries a sentencing range of ten to ninety-nine years. La.R.S. 14:64(B). As first degree murder is punishable by life imprisonment, attempted first degree murder carries a sentencing range of ten to fifty years. La.R.S. 14:30(C)(2) and 14:27(D)(1)(a). Thus, pursuant to a fourth felony offender under the habitual offender law, the minimum mandatory sentence required for armed robbery was ninety-nine years and the minimum mandatory sentence required for attempted first degree murder was fifty years. La.R.S. 15:529.1(A)(4)(a).

In *State v. Mosley*, 51,168 (La.App. 2 Cir. 6/21/17), 223 So.3d 158, the second circuit addressed an issue related to the downward departure from the habitual offender statute's sentencing requirement. The defendant was convicted of

5

attempted first degree murder of his ex-wife as a fourth felony offender and was

sentenced to life imprisonment at hard labor. The defendant sought review of the

sentence, arguing it was unconstitutionally excessive due to the non-violent nature

of his previous felony crimes. The second circuit affirmed the sentence and wrote,

in pertinent part:

> The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La. 1983); *State v. Watson*, 46,572 (La. App. 2 Cir. 09/21/11), 73 So.3d 471. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So.2d 475 (La. 1982); *State v. Swayzer*, 43,350 (La. App. 2 Cir. 08/13/08), 989 So.2d 267, *writ denied*, 08-2697 (La. 09/18/09), 17 So.3d 388.
>
> The second portion of the test requires that a determination be made regarding the constitutional excessiveness of a sentence. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 01/14/03), 839 So.2d 1; *State v. Dorthey*, 623 So.2d 1276 (La. 1993); *State v. Bonanno*, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 01/15/02), 805 So.2d 166; *State v. Washington*, 46,568 (La.App. 2 Cir. 09/21/11), 73 So.3d 440, *writ denied*, 11-2305 (La. 04/27/12), 86 So.3d 625.
>
> As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Williams*, 48,525 (La.App. 2 Cir. 11/20/13), 128 So.3d 1250.
>
> The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7; *State v. Diaz*, 46,750 (La. App. 2 Cir. 12/14/11), 81 So.3d 228.

As a fourth-felony offender, Mosely was subject to a sentence of not less than 50 years, nor more than life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. La. R.S. 14:27; La. R.S. 14:30; La. R.S. 15:529.1. Mosely asked for leniency based on his age, 39 years old, and his willingness to rehabilitate himself.

Before imposing Mosely's sentence, the trial court noted its review of the sentencing factors enumerated in La. C. Cr. P. art. 894.1 and determined the following factors applied: (1) Mosely's conduct manifested deliberate cruelty to his victim; (2) Mosely used violence to carry out his crime; (3) the offense resulted in significant permanent injury and economic loss to his victim; and (4) Mosely used a dangerous weapon in the commission of his offense. The trial court found Mosely's actions to be especially heinous given the previous relationship between Mosely and Nekedra.

Nekedra gave an emotional statement to the trial court detailing the extent of her injuries and impact of Mosely's actions on her life. Nekedra described her hospital stay following the attack, the physical and psychological trauma she continues to suffer as a result of the assault, and the scars to her face, neck, and arms that persist as a constant reminder of what Mosely did to her. Nekedra takes depression and anxiety medication, and is under the care of a psychiatrist. She suffers permanent nerve damage to her head and hand as a result of the lacerations she sustained.

The trial court sentenced Mosely to life imprisonment without the benefit of probation or suspension of sentence, stating the following:

> The Court has made a considered review of the record in this case, a considered review of the evidence, and I find that this is one of the worst, most personal offenses inflicted against another person in my fairly substantial history of dealing with crimes of violence as a lawyer and as a judge. And I do find that based on Mosely's criminal history in conjunction with the gravity of those offenses that the constitutionally exceptional remedy and sanction of the maximum possible sentence is appropriate in this case.

> We find the record supports Mosely's sentence of life imprisonment. The trial court detailed applicable aggravating factors in support of the sentence. Despite the fairly benign nature of Mosely's predicate offenses, the horrifying details of Mosely's attempt to murder his wife by repeatedly slashing her body with a box cutter support the trial court's characterization of Mosely as one of the worst offenders. As such, considering the nature of the crime and the horrendous injuries inflicted upon Nekedra, the life sentence does not shock the sense of justice.

7

*Mosley,* 223 So.3d 170-71.

Additionally, in *State v. Stevenson,* 02-769 (La.App. 5 Cir. 1/28/03), 839 So.2d 340, *writ denied,* 03-833 (La. 10/31/03), 857 So.2d 472, the fifth circuit addressed an issue related to the excessiveness of the sentence required by the habitual offender statute. The defendant was found guilty of armed robbery, and the State sought to enhance the sentence under the habitual offender statute. Following adjudication as a fourth felony offender, the defendant was sentenced to life imprisonment at hard labor. The defendant appealed, arguing his sentence was unconstitutionally excessive in consideration of his age and non-violent history of drug offenses. In affirming Defendant's sentence and conviction, the fifth circuit discussed, in pertinent part:

> Both the United States and the Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. *State v. Wickem,* 99-1261 (La.App. 5th Cir.4/12/00), 759 So.2d 961, 968, *writ denied,* 00-1371 (La.2/16/01), 785 So.2d 839. If the trial judge finds that an enhanced punishment mandated by the Habitual Offender Law, La. R.S. 15:529.1, makes "no measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the court has the option and duty to reduce such sentence to one that would not be constitutionally excessive. *State v. Dorthey,* 623 So.2d 1276, 1280 (La.1993).

> It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. *State v. Johnson,* 97-1906 (La.3/4/98), 709 So.2d 672, 676. A court may only depart from the mandatory sentence if it finds clear and convincing evidence that would rebut the presumption of constitutionality. *Id.* The burden is on the defendant to rebut the presumption of constitutionality by showing:

>> [h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender,

the gravity of the offense, and the circumstances of the case.

*State v. Johnson,* 709 So.2d at 676, *quoting State v. Young,* 94-1636 (La.App. 4th Cir.10/26/95), 663 So.2d 525, 528, *writ denied,* 95-3010 (La.3/22/96), 669 So.2d 1223.

There must be substantial evidence to rebut the presumption of constitutionality. The "trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant." *State v. Bell,* 97-1134 (La.App. 5th Cir.2/25/98), 709 So.2d 921, 927, *writ denied,* 98-0792 (La.9/16/98), 721 So.2d 477. Additionally, a defendant's record of non-violent offenses cannot be the sole reason, or even the major reason, for declaring a mandatory minimum sentence excessive. *State v. Johnson,* 709 So.2d at 676. The Louisiana Supreme Court explained:

> [t]his is because the defendant's history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses.

*State v. Lindsey,* 99-3256 c/w 99-3302 (La.10/17/00), 770 So.2d 339, 343, *cert. denied,* 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (4/30/01). Although *Lindsey* was decided under the old scheme of the Habitual Offender Law, its rationale is still viable. The 2001 amendments to La. R.S. 15:529.1 still maintain a gradation of punishment based on the non-violent and violent nature of the defendant's underlying and predicate offenses. The amended version of La. R.S. 15:529.1 is simply more lenient in that life sentences are mandated less often.

In the present case, the Defendant made no showing of exceptional circumstances to justify a downward departure from the mandatory 99 year to life sentence. No evidence was presented at the time of sentencing and no argument was made at sentencing regarding a downward departure from the required minimum sentence. Rather, the Defendant merely relies, on appeal, on the fact that his past three offenses were non-violent drug offenses. As stated above, the mere fact that a defendant's predicate convictions were non-violent does not warrant an automatic downward departure from a mandatory life sentence.

In *Lindsey, supra,* defendant was convicted of simple robbery which is classified as a crime of violence. However, his prior convictions consisted of non-violent crimes: attempted simple burglary, attempted burglary and simple burglary. The Supreme Court stated that

the defendant was the exact type of offender that the Habitual Offender Statute intends to punish so severely. The court stated:

> [h]e is sentenced to life imprisonment because he continues to commit felony after felony. The fact his last felony was the only violent crime against a person is not an "unusual circumstance" that would support a downward departure. A person with three prior non-violent felony convictions who then proceeds to commit a felony involving violence against a person has shown that his criminal conduct is becoming worse. The goals of the Habitual Offender Statute, to deter and punish recidivism, are satisfied by imposing a life sentence against such a person.

*State v. Lindsey, supra* at 344.

Additionally, in *State v. Baker,* 00-1050 (La.App. 5th Cir.11/15/00), 776 So.2d 1212, 1218-1219, *writ denied,* 01-0044 (La.11/16/01), 802 So.2d 621, this Court determined that a record of non-violent offenses coupled with the fact that the defendant was an admitted drug addict was insufficient to rebut the presumption of the constitutionality of the defendant's enhanced life sentence under the multiple offender statute.

In the present case, we find that the Defendant clearly failed to carry the burden of proof necessary for this Court to follow *Dorthey* and impose a sentence less than the minimum. This Court has upheld mandatory life sentences on the basis that the defendants have failed to offer evidence to rebut the presumption of constitutionality of their life sentences. *See, State v. Armstrong,* 99-925 (La.App. 5th Cir.2/16/00), 756 So.2d 533, 538, *writ denied,* 00-2419 (La.6/1/01), 793 So.2d 182, and *State v. Bell, supra.* This assignment of error lacks merit.

*Stevenson*, 839 So.2d 343-45 (alterations in original).

In the present case, at sentencing, defense counsel argued in favor of the downward deviation from the statutory minimum stating:

MR. MCCANN:

Your Honor, the particular part of the statute is 529.1, Subsection 4, Subsection a, as in apple. Kevin Auguillard does -- he is an exceptional person under this particular provision because of his criminal record. His first two felonies were actually quite minor, even though they were charged as felonies, one of them, and frankly I'm not even sure how they got to the felony value to get there because it was a cell phone. It was a single cell phone and he was -- and he plead guilty

to it and he was sent to prison for four years for a single cell phone. The second felony theft was an automobile. Again, not a crime of violence, not something that really reaches out and deserves a potential enhancement of life in prison. The third one is the only crime of violence. It was the assault by drive-by shooting, and no one was injured.

Now the facts of this case are particularly relevant. Even though the jury found him guilty of attempted second-degree murder, you've got to remember, he didn't shoot the man in the head, he didn't shoot him in the chest, he shot him in the side. Now the fact that it really -- it affected Mr. Living is because the bullet went through his lower intestines and it caused about five or six holes, okay? If the bullet would have gone through and through it wouldn't have even caused that much damage, and Mr. Living wouldn't have a colostomy bag right now. But for our purposes, his shooting was somewhat as a secondary thought.

If you remember what the video reflected, he was actually walking away when he put the gun like that and he pulled the trigger, almost as if he intended to miss, but he struck him and now we're here. And for an attempted armed robbery, which he did not even collect the money on I might add, we actually talked about that the other day in conference. That he didn't even grab the money and he didn't run away from the money, he left it sitting on the ground and he left -- got in his automobile and drove off.

THE COURT:

Mr. McCann, I'm going to correct you. I think he was convicted of armed robbery.

MR. MCCANN:

He was convicted of armed robbery. He wasn't convicted of attempted armed robbery, but he left the money on the ground. I understand that. Okay. My point, and my only point, is this, the question is does his background satisfy the statute in the spirit of the statute. And I love it when lawyers get to argue the spirit when the words don't work. But in this case the spirit works because I mean, can you -- the State wants you to put Kevin Auguillard in prison for basically 99 years. Well, they couldn't do that except for the fact that his first charge was a cell phone. And then the second was an automobile. And it doesn't make sense that he's -- he would be penalized that severely for his -- two of his three prior predicates are so minor.

I'm asking that the Court simply, as a habitual offender sentence, leave it at 30 years the way it is because leaving it at 30 years, he has

to serve his time day for day. Day for day at 30 years essentially adds seven and a half years to his penalty. And that would seem to be a sufficient punishment for the crime for his conviction.

Thereafter, the district court stated the following regarding Defendant's sentencing:

THE COURT:

All right. Well, based on the evidence submitted today and the testimony, I do find, Mr. Auguillard, that you are a fourth felony offender. You having been previously convicted of theft, felony theft under Docket Number 136682, and again, another felony theft charge under Docket Number 140011. You were also convicted of aggravated assault by drive-by shooting under Docket Number 168382. This was a crime of violence. I find that all the convictions link in that there's more -- there's no more than five years between the end of each conviction and the new offense, and so therefore I find that he is a fourth felony offender. His fourth and current convictions are for attempted first-degree murder, which is a crime of violence, possession of a firearm by a convicted felon, and armed robbery, which again, is a crime of violence.

MR. WELTER:

Just to be clear, Judge, we're not seeking the habitual offender enhancement on the possession of a firearm by a convicted felon.

THE COURT:

Okay. All right, thank you for that. Based on your criminal record, the criminal activity that you've participated in has escalated in volatility through your career, and that's a concern. I do find that you are a danger to our community. In mitigation, however, I'm going to take into consideration your age, the fact that you do have a very loving, supportive family it appears from today's testimony. I also take into consideration your drug use and the effects that that could have on you. And I'm also taking [into] consideration the fact that your first two convictions were for theft. The first one being that of theft of a cell phone and two iPods. The second being a theft of an automobile.

The sentencing range, as stated by the State, for a fourth felony offender is not less than the longest prescribed for a first conviction, but in no event less than 20 years and not more than your natural life. Attempted first-degree murder carries a sentence of ten to 50 years without benefit of probation, parole, or suspension of sentence, and armed robbery carries a sentence of ten to 99 years without benefit of probation, parole, or suspension of sentence. Considering all of the

aggravating and mitigating factors previously mentioned I find that the punishment mandated by the habitual offender statute makes no measurable contribution to the acceptable goals of punishment and that the sentence of a minimum of 99 years would amount to nothing more than purposeful imposition of pain and suffering, and would be grossly out of proportion to the severity of the crime and would be constitutionally excessive. But make no mistake, Mr. Auguillard, what you did was abhorrent, and Mr. Living had to live with the damage that you caused for the rest of his life. You have changed his life forever. And I've taken that into consideration as well.

To me the more serious offense here is the attempt [sic] first-degree murder and the damage that you did to Mr. Living. So with that in mind I'm going to vacate your previous sentence of 30 years on the two counts, and that was imposed on May 13, 2022, I'm going to now resentence you in accordance with the habitual offender statute with the following exceptions, as previously mentioned. As to count 1, the attempted first-degree murder, I'm going to sentence you to 35 years hard labor without benefit of probation, parole, or suspension of sentence. In regards to count 3, armed robbery, I'm going to sentence you to 35 years hard labor without benefit of probation, parole, or suspension of sentence. As to count 2, that will remain at 20 years hard labor without benefit of probation, parole, or suspension of sentence. Those sentences are to run concurrent with one another. You will also be given credit for the time served of 257 days that you served under previous sentence, as well as all the time that you served under Docket Number 178112 prior to your conviction. You have two years from the date this sentence becomes final within which to file for post-conviction relief.

In *Johnson*, 709 So.2d 676-77, the supreme court addressed enhanced punishments for multiple offenders and stated, as follows:

When determining whether the defendant has met his burden of proof by rebutting the presumption that the mandatory minimum sentence is constitutional, the trial judge must also keep in mind the goals of the Habitual Offender Law. Clearly, the major reasons the Legislature passed the Habitual Offender Law were to deter and punish recidivism. Under this statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. Given the Legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it

13

has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.

In light of the jurisprudence, we find Defendant failed to meet his burden of proof required for a downward departure, as Defendant did not present any evidence other than the non-violent nature of his two prior offenses to demonstrate how the mandatory minimum sentences were so excessive that they violated the constitution. Moreover, Defendant failed to cite any unusual or exceptional circumstances to show that he is a victim of the legislature's failure to assign a sentence meaningfully tailored to his culpability and to the circumstances of his case. Although the district court considered the non-violent nature of Defendant's first felony convictions, his family support, and drug usage, the Defendant's record demonstrates his propensity for violence, as Defendant was convicted of three violent crimes, which included theft, theft of a motor vehicle, and assault by drive-by shooting. Moreover, the State showed Defendant leniency by not seeking enhancement under the habitual offender statute for the possession of a firearm by a convicted felon conviction. Under these facts, we find that the district court abused its discretion in downward departing from the statutory minimum sentences under the habitual offender statute.

A defendant in a criminal case "does not have a constitutional right or a statutory right to an illegally lenient sentence." *State v. Williams*, 00-1725, p. 6 (La. 11/28/01), 800 So.2d 790, 796. "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." La.Code Crim.P. art. 882(A). In *State v. Bourda*,[4] 10-1553 (La.App. 3 Cir. 6/8/11), 70 So.3d

---

[4] In *Bourda*, the defendant was convicted of possession of marijuana with intent to distribute. The State filed a bill of information charging the defendant as a habitual offender. The district court found the State had proven the defendant to be a third felony offender and sentenced him to serve fourteen years at hard labor. The State appealed, arguing that the sentence rendered by the district court was illegally lenient.

14

82, *writ denied*, 11-2122 (La. 2/17/12), 82 So.3d 282, this court chose to impose the mandatory minimum sentence of life imprisonment rather than remand to the district court for reconsideration of its ruling. Specifically, this court stated as follows:

> This court could opt to reverse and remand this case to the trial court for reconsideration of the court's ruling, with instructions to utilize the analytical approach mandated by *Johnson*, 709 So.2d 672, however[,] we find that approach would be superfluous. As the record is devoid of any evidence which would support a finding that the Defendant is "exceptional" so as to justify a departure from the mandated sentence, there is nothing for the trial court to utilize in performing a *Johnson* analysis.

Similarly, in this case, the Defendant presented no evidence to rebut the presumption of constitutionality given to La.R.S. 15:529.1(A)(4)(a). Because the record is devoid of any evidence to justify a departure from the minimum mandated sentences, and because the State proved Defendant was a fourth felony offender, La.R.S. 15:529.1(A)(4)(a) mandates Defendant receive the following minimum sentences: (1) for armed robbery, a sentence of ninety-nine years at hard labor, without the benefit of parole, probation, or suspension of sentence, and (2) for attempted first degree murder conviction, a sentence of fifty years at hard labor, without the benefit of parole, probation, or suspension of sentence.

## DECREE

For the foregoing reasons, we vacate that part of the habitual offender sentences for armed robbery and attempted first degree murder and hereby impose the mandatory minimum sentences of ninety-nine years for armed robbery and fifty years for attempted first degree murder. In all other respects, Defendant's sentences are affirmed.

Additionally, we remand this matter to the district court to: (1) amend the May 13, 2022 sentencing minutes to correctly reflect that the $1,000.00 fine was imposed

as part of the sentence for possession of a firearm by a convicted felon; and (2) amend the minutes of the January 25, 2023 resentencing to reflect the district court's adjudication of Defendant as a fourth habitual offender for attempted first degree murder and armed robbery.

**SENTENCES VACATED; SENTENCES IMPOSED; REMANDED.**