WILLIAMS, J.
_JjThe defendant, Brandon Kohlman, was charged by amended bill of information with forcible rape, a violation of LSA-R.S. 14:42.1(A)(1). Pursuant to a plea agreement, the defendant pled guilty to attempted simple rape, a violation of LSA-R.S. 14:43 and 14:27. The defendant was sentenced to serve 12½ years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence and ordered to register as a sex offender. The trial court denied the motions to reconsider sentence filed by defendant pro se and by defense counsel. The defendant now appeals. For the following reasons, we affirm defendant’s conviction and sentence.
FACTS
The record shows that in April 2012, Webster Parish Sheriffs Department officers investigated allegations that the defendant had sexually abused his 19-year-old stepdaughter, K. B., who is mentally impaired. The defendant was arrested and charged with forcible rape. As a result of the plea bargain, defendant pled guilty to the reduced charge of attempted simple rape. Prior to accepting defendant’s plea, the district court advised the defendant of the maximum penalty for a plea of guilty to attempted simple rape and that he would be required to register as a sex offender. The court then accepted the defendant’s plea as freely and voluntarily given. Subsequently, the district court imposed a sentence of 12½ years at hard labor to be served without benefits. This appeal followed.
DISCUSSION
The defendant contends the trial court erred in denying the defense motions to reconsider sentence and in imposing an excessive sentence. |2Initially, we note that defendant’s pro se motion to reconsider sentence asserts that in return for his guilty plea, he was promised a 10-year maximum sentence with the requirement to register as a sex offender for only 15 years. Contrary to defendant’s allegations, the record demonstrates that during the guilty plea colloquy, the district court expressly informed the defendant of the nature of the charge to which the plea was offered (attempted simple rape), that he was susceptible to receiving a sentence of *911 12½ years without benefit of parole, probation or suspension of sentence and would be required to register as a sex offender. The defendant acknowledges receiving said sentence, the record shows there was no contemporaneous objection to the guilty plea agreement and there is no evidence that he was promised a lesser sentence. Thus, the record does not support the allegations of defendant’s motion to reconsider.
In addition, the defendant argues that the maximum sentence imposed is excessive because his imprisonment would entail significant hardship for his wife and sons. Defendant also asserts that he is not one of the worst offenders.
In reviewing a sentence for excessiveness, the appellate court applies a two-pronged test. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Watson, 46,572 (La.App.2d Cir.9/21/11), 73 So.3d 471. The important elements which should be considered are the defendant’s personal history (age, family ties, marital ^status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 03-0518 (La.12/3/03), 861 So.2d 144; State v. Caldwell, 46,718 (La.App.2d Cir.11/2/11), 78 So.3d 799.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. The sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir. 12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
As a general rule, maximum or near maximum sentences are reserved for the worst type of offenders. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The sentencing range for attempted simple rape is mandatory imprisonment, with or without *912 hard labor, without benefit of parole, probation, or suspension of sentence for not more than 12½ years. LSA-R.S. 14:43 and 14:27.
Prior to imposing sentence, the district court reviewed a presentenee investigation (“PSI”) report and recited defendant’s criminal history, which included a prior felony conviction for attempted simple burglary. The court considered the letters of support submitted by members of defendant’s family and the facts surrounding the incident. The court noted that the victim had been a special education student with a mild to moderate learning impairment.
In considering the guidelines of Article 894.1, the court found that defendant was in need of correctional treatment most effectively provided by commitment to an institution and that a lesser sentence would deprecate the seriousness of his offense. As aggravating factors, the court found that defendant was aware the victim was particularly vulnerable because of her mental impairment, that defendant used his position as stepfather to facilitate | Bthe commission of the crime, that he used threats of violence and a dangerous weapon in committing the crime and that there was an absence of grounds which would excuse or justify his criminal conduct.
Regarding the defendant’s social history, the court was aware of defendant’s age, that he had received treatment for alcoholism and that he was employed at the time of his arrest for this offense. However, the PSI indicated that the victim was fearful of the defendant and that she currently receives no support or contact from her mother.
The record demonstrates that the district court provided ample reasons for the imposition of this maximum sentence, which is not disproportionate to the severity of the offense. Considering the facts and circumstances of the offense committed and the defendant’s reduced sentencing exposure through the plea agreement, we conclude the trial court did not abuse its discretion in sentencing this defendant. Thus, we cannot say the 12]6-year sentence imposed is constitutionally excessive. This assignment of error is without merit.
We have reviewed the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.