[jJackie Miller was charged by bill of information with resisting an officer with force or violence, in violation of La. R.S. 14:108.2, for acts occurring on December 26, 2012. Miller pled guilty as charged and was sentenced to 2-1/2 years at hard labor. She now appeals her sentence. We affirm.

Facts

On December 26, 2012, Miller was stopped for speeding by Sibley police officer Michael Williams. Upon speaking with Miller, Officer Williams noted the strong odor of alcohol on her breath. Due to Miller’s poor performance on and refusal to participate in field sobriety tests, Officer Williams placed Miller under arrest. Miller refused to be peacefully arrested and attempted to break one of the patrol unit’s windows with her head. During transport, she began kicking the partition in the police vehicle. After her arrival at Bayou Dorcheat Correctional Center, Miller became irate again and hit a deputy sergeant. She was pepper sprayed and placed in a restraint chair.
On July 8, 2013, Miller pled guilty as charged to resisting an officer with force or violence.[1]
*1203 Miller’s sentencing hearing was held on September 9, 2013. She apologized for her actions and stated that she had been diagnosed with | ¡.bipolar disorder and schizophrenia. At sentencing, with reference to the presentence investigation report, the court stated:
Ms. Miller, you’re considered to be a fourth felony offender. You’re awaiting sentencing for the charge of resisting an officer with force. You are also to be sentenced in Webster Docket No. 86,-901, DWI first offense. The efforts to contact you regarding this report failed. You do have an extensive arrest record which includes convictions for forgery, cruelty to juveniles, attempted possession of schedule IV and the present offense. And in summary according to the report on considering your record, conduct regarding the present offense you do not seem to be a suitable candidate for any type of supervision^
Ma’am, taking into consideration Code of Criminal Procedure Article 894.1, taking into consideration all of the factors under 894.1, I do give you consideration because of your mental history. I do give you consideration as a mitigating factor from that. But Ma’am, you have a lengthy criminal history. You’re considered to be a fourth felony offender. You have had problems all along.
Miller was sentenced to 2-1/2 years at hard labor with credit for time served. The court also recommended mental or health treatment for Miller through the Department of Corrections.
Miller filed a motion to reconsider sentence on October 1, 2013, which alleged that her sentences were “merely punitive and will not achieve any goals of rehabilitating this defendant.” The trial court denied this motion on October 21, 2013. This appeal ensued.

Discussion

Miller argues that the trial court failed to give adequate weight to her mental health issues and need for treatment and that she does not qualify as the worst of offenders for which this upper range sentence is justified.
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took | .¡cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,-633 (La.App.2d Cir.11/3/10), 55 So.3d 56, writ denied, 10-2853 (La.11/18/11), 75 So.3d 454. The important elements that should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); Dillard, supra.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90. A trial judge is in the best *1204 position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir.10/24/07), 968 So.2d 875.
14For her crime of resisting an officer with force or violence conviction Miller faced a fine of not more than $2,000 dollars or imprisonment with or without hard labor for not less than one year, nor more than three years, or both. La. R.S. 14:108.2.
Considering the facts of this case, we cannot find the upper range sentence imposed to be unconstitutionally excessive. As shown above, the trial court appropriately and thoroughly took into account the La.C.Cr.P. art. 894.1 factors, specifically considering as a mitigating factor, Miller’s mental history. When balanced against her aggressive actions in the present matter as well as her lengthy criminal record, the court imposed the upper range sentence. These considerations provided sufficient justification for issuing the chosen sentence. Even with her mental issues, Miller has failed to benefit from prior leniency in sentencing and has persisted in years of criminal activity. Her previous offenses involved violence against persons, public intoxication, disturbing the peace and illegal drugs. Given these circumstances, Miller’s sentence for resisting an officer with force or violence is not grossly disproportionate to the severity of the crimes she committed and does not shock the sense of justice.
For these reasons, we find this assignment of error to be without merit and affirm Miller’s conviction and sentence.
AFFIRMED.

. From the December events, Miller was also charged with speeding, an open container violation, DWI-lst Offense, attempted simple criminal damage to property, public intimidation and simple battery on a corrections officer.