LOLLEY, J.
_|jThis criminal appeal arises from the 26th Judicial District Court, Parish of Bossier, State of Louisiana. On September 2, 2014, defendant, Peter Eugene Haley, was convicted by guilty plea for failure to register as a sex offender. Haley now appeals the 10-year, hard labor sentence he received. For the following reasons, Haley’s conviction and sentence are affirmed.
Facts
On November 4, 2011, the state charged Haley by bill of information with four counts of pornography involving juveniles, violations of La. R.S. 14:81.1, which occurred on August 25, 2011. According to a *806 pretrial motion by Haley, his Louisiana parole officer allegedly received an anonymous tip that Haley had been stalking a woman. Upon learning this information, Haley’s parole officer examined Haley’s computer and cell phone and found images of child pornography on both. This was followed by a search of Haley’s home, which revealed additional child pornography.
Ultimately, Haley appeared and pled guilty to one count of failure to register as a sex offender, a violation of La. R.S. 15:542, pursuant to a plea agreement for the dismissal of the child pornography charges. The plea agreement contained no limitation upon sentencing, leaving the sentence “up to the Court” after review of a presentence investigation report (“PSI”). The parties agreed that Haley would plead guilty under La. R.S. 15:542 and would be sentenced in accordance with La. R.S. 15:542.1.4. During the hearing, the court asked Haley if his attorney had explained to him the minimum and maximum penalties associated with the charge, and Haley [¡.acknowledged that he understood. In reciting the factual basis for the charge, the prosecutor alleged that on August 25, 2011, Haley failed to register as a sex offender in violation of La. R.S. 15:542, and Haley agreed with the facts as recited. The trial court then accepted Haley’s plea, and ordered a PSI to be prepared before sentencing.
Haley appeared for sentencing, and the trial court reviewed Haley’s PSI in detail, considering his criminal and personal history. Haley was given the maximum sentence statutorily allowed for the pled offense of failure to register as a sex offender. The trial court then gave a lengthy explanation for imposing the 10-year, hard labor sentence and allowed Haley the opportunity to explain the mistakes he felt were contained within his PSI. The trial court considered Haley’s concerns, but reiterated the seriousness of his past offenses, the seriousness of the instant charges, and the benefit of limiting exposure by accepting a plea agreement.
Subsequently, Haley filed a written motion to reconsider his sentence, alleging that, although the sentence is within the statutory limitations, it is excessive under these circumstances. Haley asked the trial court to reconsider the sentence “in view of the defendant’s pending parole matters out of State.”[1] The trial court denied Haley’s motion, and he now appeals.
Discussion
Haley’s only assignment of error contends the trial court’s imposition of the maximum 10-year, hard labor sentence for failure to register as a sex offender is excessive under these circumstances.
The test for reviewing an excessive sentence claim is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Watson, 46,572 (La.App.2d Cir.09/21/11), 73 So.3d 471. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements that should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likeli *807 hood of rehabilitation. State v. Miller, 49,234 (La.App.2d Cir.08/20/14), 147 So.3d 1201, 1203.
Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Broussard, 49,240 (La.App.2d Cir.10/01/14), 149 So.3d 446, 461.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. The sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Free, 46,894 (La.App.2d Cir.01/25/12), 86 So.3d 29.
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Russell, 42,479 (La.App.2d Cir.09/26/07), 966 So.2d 154, writ denied, 2007-2069 (La.03/07/08), 977 So.2d 897. However, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Gill, 46,784 (La.App.2d Cir.12/14/11), 80 So.3d 719, writ denied, 2012-0164 (La.05/04/12), 88 So.3d 463. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Kohlman, 48,807 (La.App.2d Cir.02/26/14), 136 So.3d 909, 911; State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, 670, writ denied, 1996-0836 (La.09/20/96), 679 So.2d 430.
As the trial court explained its reasons for the sentence, it first noted that Haley was a third-felony offender. Haley’s criminal record goes back to 1989 in Montana with a burglary and felony theft, for which he served | ^concurrent 5-year sentences. In 1992, Haley was convicted of sexual intercourse without consent and received a 10-year sentence with 5 years of that suspended. In 1995, Haley was convicted in Utah for first degree rape and forcible sodomy. Haley was paroled sometime in 2004, and came to Louisiana shortly after.
As observed by the trial court, although Haley’s current crime does not involve violence toward a person, his previous crimes have. The trial court noted that Haley’s criminal history is “troubling to the Court at best,” and he had already been shown leniency by the judicial system when he received a deferred sentence and probation for the burglary and thefts in Montana. Haley’s parole was transferred to Louisiana in 2005. In 2009, his parole was extended because he tested positive for cocaine.
Next, the trial court explored Haley’s personal history in detail. The trial court stated that Haley was born in Louisiana, but moved to Montana where he graduated from high school and participated in sports *808 during school. After graduation, Haley joined the Navy, served for three years, and then attended college. Haley had no biological children, but one of his stepchildren was the victim of the sex offenses he committed in Montana and Utah. Haley had primarily been employed doing construction work and had maintained his employment while under probation. Haley was also enrolled in a sex offender counseling program at the time of his arrest on the instant charges.
Most importantly, the trial court stated that Haley was not eligible for a suspended sentence as a third-time felony offender. Further, the trial court noted that Haley had pled guilty to a lesser charge than the original four | ^counts of pornography involving juveniles, offenses that he committed while on parole for other felony convictions. The trial court concluded that any sentence other than the maximum 10-year sentence would take away from the seriousness of the charges, and noted that Haley had “a significant history with these types of charges.”
Here, the trial court’s imposition of the maximum sentence was not in error. Haley obtained a substantial benefit by plea bargaining and avoided a sentence that might have been four times the length of the sentence he received. Haley chose the benefit of pleading guilty to a single charge rather, than facing trial upon the four original charges; this plea bargain was a compromise that afforded him relief balanced against any perceived insufficiency or problems with the state’s case.
The record reflects that the trial court gave thorough consideration to the La. C. Cr. P. art. 894.1 factors and considered Haley’s personal history, noting his military service, education and family life. However, Haley’s disturbing history of sex offenses against his minor stepchild and the fact that Haley was on parole for sex offenses at the time he was caught with child pornography is overshadowing. Moreover, as a sex offender whose prior offenses involved a minor, Haley is precisely the type of offender that the sex offender registration law was intended to protect against.
The trial court provided ample and thoughtful reasons for imposing the maximum sentence. This offense and sentence range was crafted by the legislature in recognition of the recidivism rate of sex offenders. As the trial court appropriately stated in closing to Haley:
|7“I hope that when you come out, whenever it is, whether it be here or Utah, I hope this is behind you. But ... you’re going to have to come to grips with this problem one way or another.”
The sentence is not shocking to the conscience or grossly disproportionate to the offense in light of Haley’s history. Further, it does not shock the sense of justice in considering any harm to society. There has been no manifest abuse of the trial court’s discretion in this case and for those reasons, Haley’s conviction and sentence are affirmed.
ERROR Patent
Our error patent review reveals that the trial court did not properly advise Haley of the prescriptive period for seeking post-conviction relief as required by La. C. Cr. P. art. 930.8(C). Therefore, we advise Haley, by way of this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. arts. 914 or 922. See State v. Brooks, 49,024 (La.App.2d Cir.05/14/14), 139 So.3d 1072, 1079, writ denied, 2014-1202 (La.02/13/15), 159 So.3d 459.
*809 Additionally, the trial court did not properly sentence Haley without benefit of parole as required by La. R.S. 15:542.1.4 A(l), but this error is self-correcting. The trial court also failed to impose the mandatory fine provided by statute. Haley is represented by the Appellate Project and presumably indigent; therefore, this court will not correct this error on appeal. See State v. Johnson, 43,719 (La.App.2d Cir.12/03/08), 999 So.2d 126.
IsConclusion
So considering, the conviction and sentence of Peter Eugene Haley is affirmed.
AFFIRMED.

. Utah has filed a parole detainer for Haley.