MOORE, J.
liThe defendant, Bruce Gill, pled guilty as charged to one count of distribution of a Schedule II controlled dangerous substance (cocaine). He was sentenced to 20 years’ imprisonment at hard labor, with the first two years to be served without the benefit of probation, parole or suspension of sentence, consecutive to any other sentence the defendant is obligated to serve. The defendant now appeals his sentence as excessive. For the following reasons, we affirm the conviction and sentence.
FACTS
On February 27, 2010, the defendant sold a confidential informant sent by the Webster Parish Sheriffs Department and Minden Police Department 3 rocks of cocaine for $50 in his apartment in Minden, Louisiana. Subsequently, Bruce Gill was charged by bill of information filed on July 21, 2010 with the crime of distribution of cocaine, contrary to La. R.S. 40:967(A). On November 8, 2010, Gill withdrew his initial plea of not guilty and pled guilty as charged pursuant to a plea bargain in which the state agreed not to pursue habitual offender proceedings and that he would be sentenced after a presentence investigation (“PSI”) report. After a guilty plea examination in which the defendant voluntarily waived his rights under Boykin v. Alabama, the court accepted the plea and agreement and ordered a PSI. On January 28, 2011, the court sentenced Gill to a term of imprisonment of 20 years at hard labor, the first two of which were imposed without benefit of parole, probation or suspension of sentence. The sentence was consecutive to any other sentence the defendant is serving or may have to serve.
| gGill’s trial defense counsel filed a timely motion to reconsider the sentence, which the trial court denied without a hearing. His appellate counsel has now filed the instant appeal, alleging that the sentence is unduly harsh and excessive.
*721 DISCUSSION
The defendant alleges that the sentence is excessive for several reasons: he is 55 years old and has accepted responsibility for his crime by entering a guilty plea. Gill addressed the court and expressed remorse for the crime. He is attending school and enrolled in an anger management program. He attributes his criminal behavior to drug abuse, and he intends to seek substance abuse counseling. Additionally, he suffers from severe health problems, including hepatitis B and cirrhosis of the liver. This sentence will subject his family to undue hardship. Finally, although he has a criminal history, none of his prior convictions are for violent crimes. He is not the worst of criminal offenders.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 438 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not |srigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
| A trial court has broad discretion to sentence within the statutory limits. Wfliere a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792, State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as *722 excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App. 2 Cir. 1/28/04), 865 So.2d 280, writ denied, 2004-0597 (La.9/24/04), 882 So.2d 1165.
The sentencing range for a conviction of distribution of cocaine is 2 to 30 years at hard labor, the first two years of any such sentence being without benefit of parole, probation or suspension of sentence, and an optional fine of not more than $50,000. La. R.S. 40:967(B)(4)(b).
On review, the record demonstrates that the district court considered the appropriate factors and articulated adequate reasons for the imposition of this 20-year sentence. The court specifically noted its consideration of the guidelines of Art. 894.1, even though it did not expressly discuss each factor. Regarding defendant’s social history, the defendant’s education, employment history and familial ties other than his marital status were not revealed in the PSI; however, the defendant discussed some of those factors | fin his statement to the court prior to sentencing. He stated that he was currently trying to get his GED and was on a waiting list to get into a substance abuse program. He stated that although he was definitely guilty of the crime, it was an offense in which no one was hurt. He attributed his illnesses to drug abuse, and stated that he has a wife and children and siblings who cared about him. He asked the court for leniency, and to give him another chance, and specifically asked to court to run his sentence concurrent “with [his] parole time,” presumably a reference to his serving a another sentence due to parole revocation. We also note that the PSI indicates that the defendant was “unavailable” to provide a statement and, though his wife was afforded an opportunity to do so, none was given on his behalf.
Nevertheless, as noted by the sentencing court, there are several aggravating factors, including defendant’s status as a third-felony offender, his lengthy criminal history and his poor performance during parole. The PSI indicates prior felony convictions, including one for forgery and simple burglary, and several misdemeanor convictions for criminal mischief, simple battery, possession of stolen goods, possession of marijuana, theft, misdemean- or theft, and other arrests either nol prossed or whose disposition is unknown. As noted by the court, defendant’s parole has been revoked at least three times. It is clear, therefore, that the defendant has been given several chances in the past to rehabilitate himself, but failed to avail himself of these opportunities. Under these circumstances, these factors combined with the fact that defendant received a substantial benefit through the plea | (¡agreement, which provided that the state would not file a multiple offender bill of information, makes the sentence imposed neither grossly disproportionate to the seriousness of the offense committed nor an abuse of the court’s discretion. The defendant’s sentence is not constitutionally excessive and his assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.