GASKINS, J.
_JjThe defendant, Shacorey Remond Bell, was convicted of armed robbery and sentenced to 45 years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now appeals, claiming excessive sentence. We affirm the defendant’s conviction and sentence.
FACTS
At about 3:00 a.m. on July 1, 2008, four men committed an armed robbery of the Relay Station Casino on Highway 1 in Caddo Parish. While one of the men remained in the getaway vehicle, the other three entered the casino wearing masks and gloves. Two of the men were armed with pistols; the fourth man, who was later identified as the defendant, was armed with an AK-47 assault rifle. The sole occupants of the casino, a female bartender/cashier and an unarmed male security guard, were tied up and gagged. The robbers escaped with more than $21,000 which was never recovered.
Police discovered the getaway vehicle, which had been stolen several days before the robbery, abandoned a short distance from the casino. Recovered from the vehicle were the gloves and masks used in the robbery. The police developed several suspects, including the defendant. DNA evidence and fingerprints gathered from the getaway car, the gloves, and the masks were matched to the defendant and his codefendants.
The defendant was arrested and charged with armed robbery. Following a jury trial in March 2011, the defendant was convicted as charged. The defen *1089 dant’s motion for post-verdict judgment of acquittal was ^denied. In May 2011, the trial court sentenced the defendant to 45 years at hard labor without benefit of parole, probation or suspension of sentence. The trial court denied a timely motion to reconsider sentence filed by defense counsel, as well as an untimely pro se motion for reconsideration.
The defendant filed the instant appeal, arguing that the sentence imposed upon him is excessive.
LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 488 So.2d 688 (La.1988); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Egan, 44,879 (La.App.2d Cir.12/9/09), 26 So.3d 938.
The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Jones, 45,429 (La.App.2d Cir.8/11/10), 46 So.3d 756. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
 The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996); State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
The offense of armed robbery carries a sentencing range of not less than 10 years and not more than 99 years, at hard labor, without benefit of parole, probation or suspension of sentence. La. R.S. 14:64(B).
| .DISCUSSION
At sentencing, after reviewing the facts of the crime and the particular role played by the defendant, the trial court went to great lengths to explain the sentence imposed upon this defendant, who *1090 was 18 years old at the time of the offense. The court laboriously went through all of the factors of La. C. Cr. P. art. 894.1 and discussed in detail how these factors related to this case and this defendant. The court took note of both mitigating and aggravating factors. Among the aggravating factors were the deliberate cruelty and risk of great bodily harm or death to which the casino employees were subjected during this “very well-organized” and “very well-rehearsed” robbery. The court also stated that it had reviewed the defendant’s juvenile history and the “many disciplinary reports” made on him during his current incarceration. In mitigation, the court considered the youth of the defendant, the favorable comments of his employer, and the fact that he admitted his involvement in the robbery at the sentencing hearing.
The defendant’s sentence was clearly tailored to fit the defendant and the offense. The sentence imposed was in the midrange of the statutory parameters for this particular crime. It is not grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice.
This assignment of error is without merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.