GARRETT, J.
|, The defendant, Roosevelt Johnson, pled guilty to one count of possession of cocaine. He was sentenced to serve five years at hard labor, with credit for time served. The defendant now appeals, alleging that his sentence is excessive. We affirm the defendant’s conviction and sentence.
FACTS
On January 25, 2012, the defendant was arrested on an outstanding warrant. During a search, police found in his possession a substance subsequently determined to be cocaine. The defendant was charged by bill of information with possession of cocaine, in violation of La. R.S. 40:967(C). On April 9, 2012, he pled guilty as charged, pursuant to a plea agreement whereby the state agreed not to file a habitual offender bill of information against him. There was no agreement as to the defendant’s sentence, and the trial court ordered a presen-tence investigation (PSI) report.
On June 25, 2012, the trial court sentenced the defendant to five years at hard labor, the maximum sentence for the charge, with credit for time served. The trial court stated that it imposed this sentence due to the defendant’s extensive criminal history, which included three pri- or felony convictions.
The defendant’s motion to reconsider was denied. The defendant now appeals, arguing that his sentence is excessive.
[JAW
The test imposed by the reviewing court in determining the exeessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Tatum, 47,292 (La.App.2d Cir.8/15/12), 103 So.3d 550. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness *726 of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Tatum, supra.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bell, 47,052 (La.App.2d Cir.5/16/12), 92 So.3d 1087.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Free, supra.
Maximum sentences are generally appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Russell, 42,479 (La.App.2d Cir.9/26/07), 966 So.2d 154, writ denied, 2007-2069 (La.3/07/08), 977 So.2d 897. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Gill, 46,784 (La.App.2d Cir.12/14/11), 80 So.3d 719, writ denied, 2012-0164 (La.5/4/12), 88 So.3d 463.
La. R.S. 40:967(C) provides that anyone convicted of possession of cocaine shall be imprisoned, with or without hard labor, for not more than five years, and, in addition, may be sentenced to pay a fíne of not more than $5,000.
LDISCUSSION
The 45-year-old defendant argues that his sentence is excessive. In support of his claim, he points out that his last felony conviction was 14 years ago. He argues that besides his criminal history, there are no other aggravating factors in the record supporting his sentence. He alleges that he would be likely to respond to probation, that he has hit “rock bottom” and is facing his drug addiction, and that he wants to help others similarly situated. The defendant also asserts that his imprisonment would create an excessive hardship on his family insofar as it would negatively impact his ability to pay his child support arrears.
Based upon our review of the record, we find that the trial court did not abuse its discretion in sentencing the defendant. The record indicates that the trial court reviewed the defendant’s PSI report, which detailed his felony convictions, as well as his numerous misdemeanor charges and convictions. The PSI report reflects that the defendant was repeatedly unsuccessful on probation and parole. The trial court explained that the sentence imposed was based upon the defendant’s extensive criminal history.
Additionally, the sentence imposed is not grossly out of proportion to the crime committed. The trial court imposed the maximum sentence in regard to prison time (although the defendant was not fined for his behavior), but the record indicates that he has a substantial criminal history, especially involving violence and illegal substances. Furthermore, he obtained a substantial benefit by pleading guilty because he was able to | savoid expo *727 sure as a habitual offender. Therefore, the trial court had discretion to impose the maximum sentence.
This assignment of error has no merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.