STATE OF LOUISIANA

VERSUS

JESSE DURANT

NO. 24-KA-243

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-4013, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

February 26, 2025

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

**AFFIRMED; REMANDED FOR CORRECTION OF THE UCO**
**FHW**
**MEJ**
**SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
JESSE DURANT
    Mary Constance Hanes

DEFENDANT/APPELLANT,
JESSE DURANT
    In Proper Person

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Monique D. Nolan
    Molly Love
    Leo M. Aaron

**WICKER, J.**

Defendant seeks review of his convictions and sentences for possession of a firearm by a convicted felon, possession of a firearm while in possession of a controlled dangerous substance (marijuana), and possession of cocaine weighing two to twenty-eight grams. For the following reasons, we affirm defendant's convictions and sentences. We also remand for correction of errors patent.

**FACTS AND PROCEDURAL HISTORY**

On August 29, 2023, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jesse Durant, with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one); possession of a firearm while in possession of a controlled dangerous substance, to wit: marijuana, in violation of La. R.S. 14:95(E) (count two); and possession of a controlled dangerous substance, to wit: cocaine, with an aggregate weight of two grams or more but less than twenty-eight grams, in violation of La. R.S. 40:967(C) (count three). Defendant pled not guilty to all charges. On January 10, 2024, defendant proceeded to trial, and a twelve-person jury found him guilty as charged on all counts.[1]

On January 17, 2024, the trial court sentenced defendant to imprisonment at hard labor for twenty years without benefit of parole, probation, or suspension of sentence on count one; ten years without benefit of parole, probation, or suspension of sentence on count two; and five years on count three. The court ordered the three sentences to be served consecutively. On that same date, the trial court found defendant in contempt of court and sentenced him to six months in parish prison.[2]

---

[1] Prior to trial, the State amended the bill of information to delete one of the two predicate convictions listed in the original bill of information for count one. Also, a judge trial on the misdemeanor offense of resisting a police officer, case number 23-4093, was tried simultaneously with the jury trial. The court found defendant guilty as charged.

[2] The trial court also sentenced defendant to six months in parish prison on the misdemeanor conviction in case number 23-4093.

On February 5, 2024, defendant filed a motion for reconsideration of sentence, which was later denied, and a motion for appeal, which was granted.

**FACTS**

Deputy Jordan Burst of the Jefferson Parish Sheriff's Office (JPSO) testified that on August 9, 2023, while on patrol, he observed a black male, later identified as defendant, disregard a stop sign at Eighth Street and Sadler Road in Marrero while riding an electric scooter. He explained that scooters must obey the same traffic laws as cars and bicycles. Deputy Burst stated that he activated his lights and hit his siren to make a traffic stop, and defendant eventually stopped on the sidewalk of the Westbank Expressway. Deputy Burst conducted a criminal history inquiry and learned that defendant had outstanding attachments for his arrest. He testified that defendant was wearing a satchel, which he searched, and it contained a large sum of money.

According to Deputy Burst, he began patting down defendant to ensure he did not have any weapons on his person when he felt something hard in defendant's right pocket. He testified that defendant reached into his pocket, so he grabbed defendant's right arm, pressed him up against the police car, and told him to take his hands out of his pocket. He recalled that when defendant's hand came out of his pocket, he was holding a gray container, which the deputy later learned was an "Icebreakers" mint container. Deputy Burst told defendant he was under arrest and to put his hands behind his back, but defendant did not comply. He testified that they struggled over the container in defendant's hand, and then defendant pushed off the vehicle and tried to run. Deputy Burst stated that he was able to take the container out of defendant's hand and toss it.

Deputy Burst testified that undercover officers arrived while defendant was resisting arrest, and they took defendant to the ground. They gave him several commands to put his hands behind his back and to stop resisting, but defendant did

not comply until he was tased. Deputy Burst testified that he handcuffed defendant, read his rights to him, and placed him in the back of the police car. He also stated that defendant apologized and admitted he had drugs on his person.

According to Deputy Burst, he found marijuana and two forms of cocaine inside the gray container. He also averred that when he searched the satchel defendant was wearing a second time, he found marijuana inside of it. Video footage of the stop from Deputy Burst's body camera and dashboard camera was played for jury.

Deputy Burst testified that after defendant was transported to jail, he searched a grocery bag that was hanging on the left handle bar of the scooter. He stated that inside the grocery bag he found a brown paper bag with four baggies of marijuana wrapped together and a chip bag containing a gun and marijuana. Deputy Burst testified that a crime scene technician came to the scene, collected evidence, took photographs, and rendered the firearm safe by removing the magazine which contained live ammunition.

The State and the defense stipulated that if called to testify, Dona Quintanilla would be qualified as an expert in latent print processing and comparison. They further stipulated that Ms. Quintanilla would testify that the fingerprints in the certified conviction packet for defendant's January 29, 2018 attempted armed robbery conviction in case number 17-197 of the 24th Judicial District Court, which served as the predicate conviction for count one, had sufficient ridge detail to result in a positive identification of defendant.

The State and the defense also stipulated that if called to testify, Sandy Lee would be qualified as an expert in the analysis and identification of controlled dangerous substances. They further stipulated that Ms. Lee would testify in conformity with her report that the drugs recovered included 20.46 grams of marijuana and 6.6 grams of cocaine.

Defendant testified that on August 9, 2023, he went to a pool hall on Fourth Street, where he saw his friend's electric scooter parked outside. Defendant explained that he took the scooter without his friend's permission to take a ride. He stated that he rode up Sadler and rolled past the stop sign, after which an officer pulled him over and subsequently searched him. Defendant said he did not know that he had to yield at a stop sign while on a scooter. He testified that he had a black sack with him, which contained his IDs, some money, and a cell phone.

Defendant agreed that the officer told him he had two attachments and was under arrest, but he denied the officer read him his rights. He testified that when the officer tried to search his pockets, he reached in and attempted to give the officer what he had in there. Defendant admitted the container in his pocket had a few grams of cocaine and marijuana in it, and he asserted he was a drug addict and needed help. He claimed that the only drugs he had on him were those in the container from his pocket. Defendant testified that he scuffled with the officer because he was under the influence of drugs, it was hot, and the incident happened fast. He recalled being tased, after which he obeyed the officer.

Defendant testified that a grocery bag was hanging on the scooter when he took it, but he did not look in it or know what was inside it. He asserted that he also had nothing to do with the weapon in the bag. Defendant also testified regarding his criminal history and acknowledged several prior convictions.[3]

## LAW AND DISCUSSION[4]

On appeal, defendant has filed a counseled brief and a *pro se* brief. In his counseled brief, defendant asserts that his consecutive, maximum sentences

---

[3] Defendant testified that he pled guilty to attempted armed robbery, possession of a firearm by a convicted felon, and possession of marijuana over fourteen grams but less than two and a half pounds on January 29, 2018; to possession of marijuana on May 7, 2012; to resisting an officer and possession of marijuana on September 16, 2013; to second offense, possession of marijuana on October 20, 2020; to resisting arrest on January 21, 2022; to criminal mischief on June 1, 2022; and that he was found guilty of armed robbery on March 16, 2000.

[4] Although defendant does not challenge it on appeal, we have considered the sufficiency of the evidence, pursuant to *State v. Raymo*, 419 So.2d 858 (La. 1982) and *State v. Hearold*, 603 So.2d 731 (La. 1992).

totaling 35 years are excessive under the circumstances of this case. He argues that although the sentences are within statutory limits, they are excessive considering the three offenses were non-violent and he did not commit them "in an especially egregious manner." Defendant also asserts the trial court failed to articulate any reasons for ordering the sentences to run consecutively. Accordingly, he concludes that his sentences on all three counts should be vacated.

La. C.Cr.P. art. 881.1(B) provides that a motion for reconsideration of sentence "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only. La. C.Cr.P. art. 881.1(E); *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1137.

While the record reflects that defendant's trial counsel orally objected to defendant's sentences and filed a written motion to reconsider the sentences, he did not specifically raise the issue of the consecutive nature of his sentences. When the consecutive nature of sentences is not specifically raised in the trial court, the defendant is precluded from raising the issue on appeal and the issue is not included in the review for constitutional excessiveness. *State v. Rodgers*, 16-14 (La. App. 5 Cir. 10/26/16), 202 So.3d 1189, 1200, *writs denied*, 16-2189 (La. 9/15/17), 225 So.3d 479, and 16-2093 (La. 1/29/18), 235 So.3d 1104.

In the present case, defendant did not challenge the consecutive nature of the sentences in the court below. Accordingly, we limit our review of this assignment

---

After review, we find the State presented sufficient evidence under the standard of *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), to establish the essential elements of possession of a firearm by a convicted felon, possession of a firearm while in possession of marijuana, and possession of cocaine, two to twenty-eight grams. In summary, Deputy Burst testified that defendant was in possession of a gun, cocaine, and marijuana. The State and the defense stipulated that the lab report would show the cocaine weighed 6.6 grams. Defendant testified that he had a prior conviction for an enumerated felony, attempted armed robbery, on January 29, 2018, and thus, the ten-year cleansing period had not elapsed.

to addressing whether defendant's individual sentences are constitutionally excessive.

On January 17, 2024, at the sentencing hearing, the trial court asked the prosecutor for information regarding defendant's criminal history. She informed the trial court that defendant had convictions for armed robbery in 2000, resisting arrest and possession of marijuana in 2013, possession of marijuana in 2012, and arrest for stalking in 2016, attempted armed robbery and felon in possession of a firearm convictions in 2018. The prosecutor indicated he also had arrests for stalking in 2016, obscenity in 2018, and domestic abuse battery in 2021.

The trial court informed defendant that he considered the factors of La. C.Cr.P. art. 894.1 and the facts of this case, and stated:

> Okay, so it involved drugs. Your case involved guns. There was also some fighting with the police, if I remember. There was some resisting arrest. Some punches were thrown. Some fleeing from the police, which is never a good idea in light of the fact that you have: a 2000 conviction for armed robbery, a felony from the year 2000; 2013, a resisting arrest and a possession of marijuana, misdemeanor convictions; 2012 possession of marijuana, misdemeanor conviction; 2018 attempted armed robbery and a 95.1 felony conviction; 2016 arrest for stalking; 2021 arrest for domestic abuse battery; 2018 obscenity, a felony arrest.

The prosecutor explained that the State would potentially multiple bill defendant as a second-felony offender on the "95.1." The trial court responded:

> Well, I can tell you right now this doesn't look good for Mr. Durant. I'm not happy with the trial that I heard. I'm not happy with the fact that he fought with the police. I'm not happy with his convictions and his arrests and the facts that he was involved with marijuana and guns.
>
> And then in my opinion he testified and he lied the whole time, he lied through his teeth. I didn't believe any of his testimony.

The trial court then sentenced defendant to twenty years at hard labor without benefit of parole, probation, or suspension of sentence on count one, possession of a firearm by a convicted felon, ten years at hard labor "without

benefits" on count two, possession of a firearm while in possession of a controlled dangerous substance, and five years at hard labor on count three, possession of cocaine with a weight of two to twenty-eight grams, with the sentences to run consecutively. Defense counsel objected. Then, defendant engaged in a profane and angry outburst, after which the trial judge found him in contempt of court and sentenced him to six months.

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. *State v. Calloway*, 19-335 (La. App. 5 Cir. 12/30/19), 286 So.3d 1275, 1279, *writ denied*, 20-266 (La. 7/24/20), 299 So.3d 69; *State v. Nguyen*, 06-969 (La. App. 5 Cir. 4/24/07), 958 So.2d 61, 64, *writ denied*, 07-1161 (La. 12/7/07), 969 So.2d 628. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. *State v. Woods*, 18-413 (La. App. 5 Cir. 12/19/18), 262 So.3d 455, 460; *Nguyen*, 958 So.2d at 64.

In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *Woods*, 262 So.3d at 460; *State v. Allen*, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters be given any particular weight at sentencing. *Woods*, 262 So.3d at 460-61.

La. C.Cr.P. art. 881.4(D) provides that the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. *Id.* at 460. When reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. *Calloway*, 286 So.3d at 1279;

*State v. Taylor*, 06-839 (La. App. 5 Cir. 3/13/07), 956 So.2d 25, 27, *writ denied*, 06-859 (LA. 6/15/07), 958 So.2d 1179; *State v. Lobato*, 603 So.2d 739, 751 (La. 1992). The relevant question on appeal is whether the trial court abused its broad sentencing discretion and not whether another sentence might have been more appropriate. *See State v. Dixon*, 19-7 (La. App. 5 Cir. 12/30/19), 289 So.3d 170, 174, *writ denied*, 20-143 (La. 7/17/20), 298 So.3d 176.

Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. *State v. Badeaux*, 01-406 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414. A trial judge is not limited to considering only prior convictions and may review all evidence of prior criminal activity, including evidence of prior arrest records. *State v. Mason*, 10-284 (La. App. 5 Cir. 1/11/11), 59 So.3d 419, 429, *writ denied*, 11-306 (La. 6/24/11), 64 So.3d 216.

Defendant was convicted of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one), possession of a firearm while in possession of a controlled dangerous substance (marijuana), in violation of La. R.S. 14:95(E) (count two), and possession of cocaine, with an aggregate weight of two grams or more but less than twenty-eight grams, in violation of La. R.S. 40:967(C) (count three).

As to count one, La. R.S. 14:95.1(B) provides for a sentencing range of not less than five nor more than twenty years without benefit of parole, probation, or suspension of sentence. The trial court imposed the maximum term of twenty years of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In *State v. Stewart*, 24-50 (La. App. 5 Cir. 10/30/24), ---So.3d---, 2024 WL 4613029, *writ denied*, 24-1445 (La. 2/19/25), ---So.3d ---, 2025 WL 546723, this Court upheld the defendant's two twenty-year sentences for two counts of felon in

possession of a firearm convictions, pointing out that the firearms found on the side of the house inside a wall of the defendant's residence were loaded, that the defendant had a criminal history involving drugs, and that the jurisprudence supported the sentences.

In *State v. Caffrey*, 08-717 (La. App. 5 Cir. 5/12/09), 15 So.3d 198, *writ denied*, 09-1305 (La. 2/5/10), 27 So.3d 297, the trial court imposed the maximum sentence at the time, fifteen years at hard labor, for possession of a firearm as a convicted felon. In denying reconsideration of the sentence, the trial court considered that the gun in question was fully loaded and had a "less than cooperative attitude" throughout trial and sentencing. This Court found the sentence was not excessive, taking into account the defendant's prior conviction for possession of cocaine, his disregard for police authority, and the fact that he pled guilty to two additional drug offenses on the same date that he pled guilty to being a felon in possession of a firearm. *Id.* at 204.

*See also State v. Abram*, 32,627 (La. App. 2 Cir. 10/27/99), 743 So.2d 895, 904, *writ denied*, 00-121 (La. 9/29/00), 769 So.2d 549 (affirming the maximum sentence at the time, fifteen years, for possession of a firearm by a convicted felon where the defendant had an extensive criminal record); *State v. Charles*, 20-498 (La. App. 3 Cir. 5/5/21), 318 So.3d 356 (affirming the maximum twenty-year sentence for possession of a firearm by a convicted felon where the defendant was a fifth-felony offender and a live round was found in the chamber of the firearm).

For count two, La. R.S. 14:95(E) provides for a sentencing range of not less than five nor more than ten years without the benefit of parole, probation, or suspension of sentence. The trial court imposed the maximum term of imprisonment of ten years at hard labor "without benefits."

In *State v. Short*, 00-866 (La. App. 5 Cir. 10/18/00), 769 So.2d 823, 832, *writ denied*, 00-3271 (La. 8/24/01), 795 So.2d 336, this Court upheld the maximum

ten-year sentence for the defendant who was convicted of possession of a firearm while in possession of a controlled dangerous substance. This Court pointed out that the defendant acted with others in committing theft and had an extensive juvenile record, indicating an undue risk that the defendant would continue to commit the same crimes if not incarcerated.

For count three, La. R.S. 40:967(C)(2) provides for a sentencing range of not less than one year nor more than five years with or without hard labor. The trial court imposed the maximum term of imprisonment of five years at hard labor.

In *State v. Johnson*, 48,024 (La. App. 2 Cir. 5/15/13), 115 So.3d 723, 726-27, the appellate court upheld the maximum five-year sentence at hard labor for the defendant's conviction of possession of cocaine in violation of La. R.S. 40:967(C), pointing out that the defendant had an extensive criminal history.

After review, we find the individual sentences imposed were not excessive. The nature of the crimes, as well as the criminal background of defendant, provide ample support for the trial court's imposition of the maximum term of imprisonment on each count. Defendant, who said he was riding his friend's scooter, ran a stop sign while carrying a loaded firearm, cocaine, and marijuana. When stopped, he resisted arrest and attempted to flee from Deputy Burst, who had to use his taser to subdue him. Defendant denied that the grocery bag containing the gun and drugs belonged to him; rather, he averred that he took his friend's scooter without permission and did not know what was inside of the bag. However, the trial court did not find defendant's testimony credible.

Further, defendant has an extensive criminal history, including crimes of violence, and his sentences are comparable with other sentences imposed by this Court and other courts. As such, we find the individual sentences imposed are not excessive.

Defendant argues, alternatively, that if this Court finds his claim concerning consecutive sentences is not preserved for appeal due to trial counsel's failure to raise it in his motion for reconsideration of sentence, then his trial counsel rendered ineffective assistance. He contends that if the trial court had considered the appropriate factors for imposing consecutive sentences, it would not have been able to justify them, considering the non-violent nature of the offenses. He avers that there is a reasonable probability that but for counsel's error, his sentences would have been different.

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *Casimer*, 113 So.3d at 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient; that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *State v. Dabney*, 05-53 (La. App. 5 Cir. 6/28/05), 908 So.2d 60, 63. To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *State v. Woods*, 20-73 (La. App. 5 Cir. 9/9/20), 303 So.3d 403, 408-09, *writ denied*, 21-27 (La. 2/17/21), 310 So.3d 1150.

La. C.Cr.P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of

the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

Thus, Louisiana law favors concurrent sentences for crimes committed as part of a single transaction. La. C.Cr.P. art. 883; *State v. Cornejo-Garcia*, 11-619 (La. App. 5 Cir. 1/24/12), 90 So.3d 458, 465. However, a trial judge retains discretion to impose consecutive penalties on the basis of other factors, "including the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community." *Id.*

If the trial court does elect to impose consecutive sentences for crimes arising from a single course of conduct, the court must articulate the reasons that it feels such a sentence is essential. *Id.*; *State v. Blanchard*, 03-612 (La. App. 5 Cir. 11/12/03), 861 So.2d 657, 664. While the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. *State v. Miller*, 11-498 (La. App. 5 Cir. 12/13/11), 84 So.3d 611, 621, *writ denied*, 12-176 (La. 9/14/12), 97 So.3d 1012. When the trial court fails to articulate its reasoning for imposing consecutive sentences, remand is not required as long as the record provides an adequate factual basis to support the consecutive sentences. *Blanchard*, 861 So.2d at 664.

In the present case, the trial court ordered the sentences to run consecutively for a total of thirty-five years. Although defendant's convictions were based on the same act or transaction, the trial court had the authority to order the sentences to be served consecutively. The trial court provided reasons for the sentences; however, he did not specify that those were his reasons for imposing consecutive sentences. Nevertheless, the record provides an adequate factual basis to support the consecutive sentences.

The evidence at trial established that defendant was found to be in possession of a loaded firearm, cocaine, and marijuana. When defendant was stopped, he resisted arrest and attempted to flee from Deputy Burst. Defendant posed a threat to the safety of the community by possessing a loaded gun, marijuana, and two different forms of cocaine, and by fighting with the police and resisting arrest. Further, defendant has an extensive criminal history, including crimes of violence. As such, we find the trial judge did not abuse his discretion by imposing consecutive sentences.

When the substantive issue that an attorney has not raised is without merit, then the claim that the attorney was ineffective for failing to raise the issue also has no merit. *State v. Francois*, 13-616 (La. App. 5 Cir. 1/31/14), 134 So.3d 42, 59, *writ denied*, 14-431 (La. 9/26/14), 149 So.3d 261. Considering our finding that the trial court did not abuse its discretion by imposing consecutive sentences, we find defendant's trial counsel was not ineffective for failing to object to the consecutive nature of the sentences either orally or in his motion to reconsider the sentences.

In his first *pro se* assignment of error, defendant argues that a double jeopardy violation occurred because the firearm that was used as evidence for the basis of the La. R.S. 14:95.1 conviction was also used as evidence for the La. R.S. 14:95(E) conviction. Defendant contends this Court should vacate the La. R.S. 14:95.1 conviction.

The Fifth Amendment to the United States Constitution, as well as Article I, § 15 of the Louisiana Constitution, prohibit placing a person twice in jeopardy of life or limb for the same offense. *State v. Fairman*, 15-67 (La. App. 5 Cir. 9/23/15), 173 So.3d 1278, 1289; *See also* La. C.Cr.P. art. 591. Double jeopardy provisions are intended to protect an accused not only from a second prosecution for the same criminal act but also from multiple punishments for the same act. *State v. Lefeure*, 00-1142 (La. App. 5 Cir. 1/30/01), 778 So.2d 744, 750, *writ*

*denied*, 01-1440 (La. 9/21/01), 797 So.2d 669. However, it is well-settled that an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. *Id.*; *State v. Stevens*, 18-344 (La. App. 5 Cir. 12/5/18), 260 So.3d 776, 783.

The protections against double jeopardy mandated by the federal constitution, as re-stated in this state's constitution, fall within the analytical framework set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See State v. Frank*, 16-1160 (La. 10/18/17), 234 So.3d 27, 33-34. Under *Blockburger*, the question is whether the same act or transaction constitutes a violation of two distinct statutory provisions. *Frank*, 234 So.3d at 31. Under *Blockburger*, courts are required to compare the two criminal statutes at issue and ask "whether each provision requires proof of an additional fact which the other does not." *Id.* "[A] defendant can be convicted of two offenses arising out of the same criminal incident if each crime contains an element not found in the other." *State v. Hampton*, 17-383 (La. App. 3 Cir. 11/15/17), 259 So.3d 1125, 1132, quoting *Frank*, 234 So.3d at 30.

In *State v. Bradley*, 22-191 (La. App. 5 Cir. 12/21/22), 356 So.3d 485, 500-02, *writ denied*, 23-147 (La. 10/31/23), 372 So.3d 808, the defendant argued that his convictions for possession of a firearm while in possession of a controlled dangerous substance and possession of a firearm by a convicted felon constituted double jeopardy. He contended that his conduct of possessing a firearm was essentially included in both of the above-named crimes, and therefore, those convictions should be vacated. This Court found that possession of a firearm by a convicted felon (count one), possession of a firearm while in possession of a controlled dangerous substance (count two), and also possession of a firearm with an obliterated serial number (count four) each required proof of an additional fact

which the other did not. This Court pointed out that each offense required possession of a firearm but that count one required that the person be a convicted felon, count two required that the person possess a controlled dangerous substance, and count three required that the firearm have an obliterated serial number. Accordingly, this Court found no double jeopardy violations occurred. *Id.* at 500-03.

In the instant case, defendant was convicted of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 and possession of a firearm while in possession of a controlled dangerous substance, to wit: marijuana, in violation of La. R.S. 14:95(E). Possession of a firearm by a convicted felon and possession of a firearm while in possession of a controlled dangerous substance each require proof of an additional fact which the other does not. Both offenses require possession of a firearm but count one requires that the person be a convicted felon and count two requires that the person possess a controlled dangerous substance. Therefore, based on the *Blockburger* test, we find that no double jeopardy violation occurred.

As his second *pro se* assignment of error, defendant asks: "Whether marijuana is deemed a 'controlled dangerous substance' in light of the most recent marijuana possession laws governed by the Louisiana Legislation of 2023." However, defendant did not brief this argument.

Pursuant to Rule 2-12.4(B)(4) of the Uniform Rules, Courts of Appeal, all specifications or assignments of error shall be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed. *See State v. Little*, 24-82 (La. App. 5 Cir. 10/30/24), ---So.3d---, 2024 WL 4613739. Here, because defendant failed to brief his second assignment of error, we find this assignment of error has been abandoned.

**ERRORS PATENT**

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review revealed the following errors.

First, the transcript and the minute entry do not reflect the trial court advised defendant of the two-year prescriptive period for filing an application for post-conviction relief, pursuant to La. C.Cr.P. art. 930.8. If the trial court fails to advise, or provides an incomplete advisal under La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief in its opinion. *See State v. Becnel*, 18-549 (La. App. 5 Cir. 2/6/19), 265 So.3d 1017, 1022. Accordingly, we advise defendant, by way of this opinion, that no application for post-conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

Next, the uniform commitment order (UCO) provides that the adjudication date was on January 17, 2024; however, the record reflects that the adjudication occurred on January 10, 2024. This Court has previously remanded cases for correction of the uniform commitment order in its error patent review. *State v. Tillery*, 14-429 (La. App. 5 Cir. 12/16/14), 167 So.3d 15, 22, *writ denied*, 15-106 (La. 11/6/15), 180 So.3d 306; *State v. Lyons*, 13-564 (La. App. 5 Cir. 1/31/14), 134 So.3d 36, 41, *writ denied*, 14-481 (La. 11/7/14), 152 So.3d 170.

Accordingly, to ensure accuracy in the record, we remand this matter and order that the uniform commitment order be corrected to reflect the correct date of adjudication. We also order the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the officer in charge of the institution to which defendant has been sentenced as well as the Department of

Corrections' legal department. *See State v. Tate*, 22-570 (La. App. 5 Cir. 6/21/23), 368 So.3d 236, 249-50.

Finally, our review reveals the trial court did not impose any fines when sentencing defendant on counts one and two, as required by La. R.S. 14:95.1 and La. R.S. 14:95(E). This Court has previously declined to correct an illegally-lenient sentence where the defendant is indigent. *See State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1249. Here, defendant is represented by the Louisiana Appellate Project, which represents indigent defendants in non-capital felony cases. Therefore, due to defendant's indigent status, we decline to remand this matter for imposition of the mandatory fines as to counts one and two. *See State v. Manuel*, 20-172 (La. App. 5 Cir. 6/2/21), 325 So.3d 513, 570-71, *writ denied*, 21-926 (La. 10/12/21), 325 So.3d 1071.

**DECREE**

For the reasons stated above, we affirm defendant's convictions and sentences, and we remand for correction of the UCO.

**AFFIRMED; REMANDED FOR CORRECTION OF THE UCO**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-KA-243

## E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
MARY CONSTANCE HANES (APPELLANT)      MONIQUE D. NOLAN (APPELLEE)                THOMAS J. BUTLER (APPELLEE)

## MAILED
JESSE DURANT #425230 (APPELLANT)        HONORABLE PAUL D. CONNICK, JR.
CATAHOULA CORRECTIONAL CENTER       (APPELLEE)
499 OLD COLUMBIA ROAD                          DISTRICT ATTORNEY
HARRISONBURG, LA 71340                          LEO M. AARON (APPELLEE)
                                                                 MOLLY LOVE (APPELLEE)
                                                                 ASSISTANT DISTRICT ATTORNEYS
                                                                 TWENTY-FOURTH JUDICIAL DISTRICT
                                                                 200 DERBIGNY STREET
                                                                 GRETNA, LA 70053